THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THERM MED LLC<br>3710 Volkman Road<br>Erie, PA 16506<br><br>                Plaintiff,<br><br>v.<br><br>HON. DAVID KAPPOS<br>Under Secretary of Commerce for<br>Intellectual Property and Director of the<br>United States Patent and Trademark Office<br>Madison Building<br>600 Dulany Street<br>Alexandria, VA 22314<br><br>                Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Therm Med LLC ("Plaintiff"), for its complaint against Defendant the Honorable David Kappos, states as follows:

1. This is an action by the owner of United States Patent No. 7,510,555 (the '555 patent) seeking review of inaccurate and erroneous patent term adjustment calculations made by the United States Patent and Trademark Office ("PTO"). Specifically, this is an action by Plaintiff under 35 U.S.C. § 154(b)(4)(A) seeking a judgment that the patent term adjustment of 267 days calculated by the PTO for the '555 patent should be corrected to 648 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

{J611602 00792403.DOC}               1

## I. PARTIES

3. Plaintiff Therm Med LLC is a Limited Liability Corporation located in 3710 Volkman Road, Erie, PA 16506.

4. Defendant David Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office. Defendant is sued in his official capacity.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action and is authorized to issue the requested relief to Plaintiff pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361; 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6. Venue is proper in this district pursuant to 35 U.S.C. § 154(b)(4)(A).

7. This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## III. BACKGROUND

8. The '555 patent issued to John Kanzius on March 31, 2009, based on patent application 11/050,422 filed February 3, 2005. The '555 patent is attached hereto as Exhibit A.

9. The Plaintiff is the assignee of the '555 patent, as evidenced by assignments from the inventors recorded in the PTO at reel 015973, frame 0648 and at reel 017100, frame 0138.

10. When the PTO issued the '555 patent on March 31, 2009, it erroneously calculated the patent term adjustment for the '555 patent as 267 days. Had the PTO calculated

the patent term adjustment properly, the '555 patent would be entitled to 648 days of patent term adjustment.

11.  The errors in how the PTO calculates patent term adjustment are detailed in a recent order from the U.S. District Court for the District of Columbia in *Wyeth v. Dudas*, 580 F.Supp.2d 138, 88 U.S.P.Q.2d 1538 (D.D.C. 2008) where the Court granted summary judgment against the PTO, holding that the PTO's patent term adjustment calculation methodology was erroneous as a matter of law and inconsistent with the Patent Statute. The *Wyeth v. Dudas* opinion is attached as Exhibit B.

12.  The correct patent term adjustment methodology identified in *Wyeth v. Dudas* governs the PTO's calculation of patent term adjustment for Plaintiff's '555 patent.

### IV.   COUNT I: U.S. PATENT NO. 7,510,555

13.  Plaintiff incorporates by reference the allegations in paragraphs 1-12 above, as if fully set forth herein.

14.  During prosecution of the '555 patent, the patent owner accrued 508 days of patent term adjustment under 35 U.S.C. § 154(b)(1)(A), and accrued 422 days of patent term adjustment under 35 U.S.C. § 154(b)(1)(B).

15.  Under the PTO's interpretation of 35 U.S.C. § 154, all adjustments to the patent term accrued under 35 U.S.C. § 154(b)(1)(A) and all adjustments to the patent term accrued under 35 U.S.C. § 154(b)(1)(B) inherently overlap. As a result, it has been the position of the PTO that a patent holder is only eligible for the larger of these two adjustments to the patent term, here 508 days. For the '555 patent, the PTO erroneously limited the patent term

adjustment for the '555 patent to 267 days (see the additional calculations described in paragraphs 21 and 22 below), as shown on the face of the '555 patent.

16.  In view of the recent decision by this Court in *Wyeth v. Dudas*, 580 F.Supp.2d 138, 88 U.S.P.Q.2d 1538 (D.D.C. 2008), all of the days on which 35 U.S.C. § 154(b)(1)(A) or 35 U.S.C. § 154(b)(1)(B) apply and do not overlap are to be accrued as adjustments to the patent term for the '555 patent.

17.  Each day from the day after April 3, 2006 (14 months from the '555 patent filing date) through the issuance of an action on August 24, 2007 qualifies for patent term adjustment under 35 U.S.C. § 154(b)(1)(A) for the '555 patent, a total of 508 days.

18.  Each day from the day after September 24, 2008 (4 months from the Restriction Requirement Response filed on May 23, 2008) through the issuance of an Office Action on November 3, 2008 qualifies for patent term adjustment under 35 U.S.C. § 154(b)(1)(A) for the '995 patent, a total of 41 days.

19.  Furthermore, each day from the day after February 4, 2008 (3 years from the filing date of the patent application that issued as the '555 patent) through the issuance of the '555 patent on March 31 2009, qualifies for patent term adjustment under 35 U.S.C. § 154(b)(1)(B) for the '555 patent, a total of 422 days.

20.  Under the interpretation of this Court in *Wyeth v. Dudas*, 580 F.Supp.2d 138, 88 U.S.P.Q.2d 1538 (D.D.C. 2008), the period described in paragraph 17 does not overlap with the period described in paragraph 19, but the entire period described in paragraph 18 does overlap

with the period described in paragraph 19. Accordingly, the total PTO prosecution delay can be calculated as 508 days + 422 days + (41-41) days = 930 days.

21.    The total PTO prosecution delay is offset by applicant prosecution delays, if any. The PTO determined a total applicant prosecution delay of 282 days under 35 U.S.C. § 154(b)(2)(B) or (C). Plaintiff does not dispute the total prosecution delay determined by the PTO.

22.    Under the PTO's interpretation, the PTO had calculated an erroneous patent term adjustment of 549 days - 282 days = 267 days.

23.    Based on this Court's decision in *Wyeth v. Dudas,* the overall patent term adjustment accrued by the patent holder is properly calculated as 930 days - 282 days = 648 days.  Therefore, the patent holder accordingly requests 648 days - 267 days = **381 ADDITIONAL** days of patent term adjustment.

WHEREFORE, Plaintiff respectfully prays that this Court:

A.    Issue an Order changing the period of patent term adjustment for the '555 patent term from 267 days to 648 days and requiring Defendant to correct the term of the '555 patent to reflect the 648 days of actual patent term adjustment due the '555 patent.

B.    Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Dated: September 25, 2009                                      Respectfully submitted,



GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum, Esq. (I.D.# 930602)
Michael J. Fink, Esq. (I.D.# 414991)
P. Branko Pejic, Esq. (I.D.# 975174)
1950 Roland Clarke Place
Reston, VA  20191
Telephone: (703) 716-1191
Facsimile: (703) 716-1180
ngreenblum@gbpatent.com
mfink@gbpatent.com
bpejic@gbpatent.com


OF COUNSEL:
John T. Wiedemann (OH 0065844)
Kenneth J. Smith (OH 0072924)
CALFEE, HALTER & GRISWOLD LLP
800 Superior Avenue, Suite 1400
Cleveland, Ohio 44114
(216) 622-8200 (telephone)
(216) 241-0816 (facsimile)
jwiedemann@calfee.com
ksmith@calfee.com


*Attorneys for Plaintiff*